Good morning. May it please the Court, Joe Siguenza for Petitioners. The immigration issues presented this morning consist of whether the Board has jurisdiction to entertain an amendment, a motion to reopen rather, based on ineffective assistance of counsel when the claim ineffective assistance consists of, number one, failing to preserve a grant of voluntary departure on appeal, and secondly, failing to challenge a claimed summary and impermissible Board reduction of voluntary departure period. Here, in this case, because of counsel's claimed ineffective assistance of counsel specifically with respect to these two issues, Petitioners are presumably left without a judicial remedy, and that judicial remedy consists of being able to file a timely motion to reopen in this cancellation of removal case based on what we would submit as the Board's open invitation to the parties in favor of the 2004 decision to file such a motion to reconsider hardship to one of the United States' citizen children. If Petitioners are left without a judicial remedy, we would submit that the right to effective assistance of retained counsel in these proceedings would be a hollow concept. It would bring an empty, hollow concept. Did you get me? Well, isn't the problem that there is no such right in our court, right? A right to effective assistance of retained counsel? I believe, Your Honor, my understanding of the case law is that there is, that it's a Fifth Amendment-based due process right to effective assistance. Well, in general, in civil cases, that isn't so. Yes. In general, in civil cases, it is not so. In general, somebody cannot come to us and or anywhere else in a civil case and say, I've had ineffective assistance of counsel. So you have an action for malpractice, but that's about it. Well, yes, Your Honor, I understand. And Petitioners' sole argument would be that because of this malpractice of prior counsel, the courthouse doors are effectively closed to them to seek a motion to reopen. I believe that the Ninth Circuit precedent has established that if there is performance so deficient, and I believe this is the Lopez v. Ins. case in 1985, if the performance is so deficient that it affects the fundamental fairness of the proceeding and it causes resultant prejudice, and if the party is prevented from reasonably presenting their case, then they should be afforded a remedy. What was the ineffectiveness that you are arguing for now? The ineffective assistance, Your Honor, was that counsel assisting the Petitioners on their appeal to this Court filed what we would characterize as a boilerplate petition for review, and didn't follow up or advise the Petitioners, who were presumably pro se, that they should have filed a brief, and, more importantly, that they should have filed a motion for stay of removal and a motion for ---- That, to me, is the real question. The real issue in this case is about the failure to ask for a stay so that voluntary departure could be awarded. It doesn't seem to me that you have a very good case for extreme hardship, extreme and unusual hardship. I would respectfully submit that on page 99 of the A.R. in the Board's December 28, 2004, decision, specifically in the last paragraph of the first page, the Board is practically inviting the parties to file a motion to reopen, and if I may just quote an excerpt, quote, we are particularly sensitive to the fact that Juan is a high school student and, therefore, of an age where you might expect to see significant evidence of assimilation and community ties. And then it goes further, quote, the record lacks evidence of assimilation or community ties, which, when considered cumulatively with the other factors presented, would meet the stringent, exceptional and extremely unusual standard, close quote. So in effect, the Board was saying, if we had some evidence there about assimilation and community ties with respect to this figure ---- But as to that realm of ineffective assistance, it seems to me that you could file something before the Board. The Board wasn't claiming that it didn't have jurisdiction over that. It was claiming that what it didn't have jurisdiction over was the failure to ask for the ---- to file a motion for stay of voluntary departure here. Yes, exactly, Your Honor. And that's what the ---- that's the remedy, essentially, that Petitioners are looking to be granted here, just an opportunity to timely file a motion to reopen if that voluntary departure had been preserved. If we read their ruling here on the motion to reopen as saying that they didn't have jurisdiction to entertain this type of ineffective assistance of counsel, do you have some ---- what's your strongest authority to say that they were mistaken in their understanding of their jurisdictional authority? We would challenge the Board's existence over their authority to summarily reduce, number one, summarily reduce the voluntary departure period, which also Your argument is, as I understand, your argument is that they have authority or they should have authority under their statute or regulations that create them to basically grant a motion to reopen for any reason. Yes, but I believe the Board said in the denial of the motion to reopen that because the claimed ineffective assistance of counsel had arisen after or post-Board decision that they were without ---- That's what I'm asking. So you're saying they're wrong, and I'm saying tell me why they're wrong on that. Is there a statute or a regulation that gives them the authority to entertain that kind of motion to reopen? HCFR 1003.2, I believe, grants the Board's sua sponte authority to reopen based on acceptable circumstances. Now, why ---- ultimately, you're asking them ---- your motion is a motion to reopen or reissue. And what you really wanted was simply to reissue the original opinion so that you could take an appropriate new appeal and ask for a stay. Is that essentially what you wanted? That's what Petitioner's ultimate request is, have the Board reissue its decision, including reinstatement of the 60-day period, which was summarily revoked without stated reason. But it wouldn't matter at that point. It could have been a 30-day period. Sure. At that point, it really didn't matter, because as long as you had a reissue, you could come in the next day and ask for a stay of it, and the matter would be pretty much fixed. Certainly. And ---- But wait just a minute. So why does the IAC matter for that at all? I mean, the ---- asked whether the Board had jurisdiction to do it, at least on their sua sponte authority. I mean, they say we don't have jurisdiction. And I don't understand why they didn't have jurisdiction, because they could sua sponte have done what you asked them to do. Without an IAC, they just could do it because they felt like doing it, right? Well, my understanding is that this Court does not have that authority with respect to issuance or granting a voluntary departure. Well, we can't review it, but we can tell them that they're wrong, that they don't have jurisdiction. They do have jurisdiction. I think they do, based on what Your Honor ---- At least review their mistake as to their own jurisdiction. I would assume so, only because if not, the Petitioners have no judicial remedy. They're foreclosed through no fault of their own, based on ineffective assistance to Park Council. They are foreclosed from a significant judicial remedy that would affect the outcome of their case. It would have been a different ---- We don't have ultimate authority to review that. No. But under the Lata and Dieringer precedent, I believe this Court has said that you can raise ineffective assistance to counsel issues before the board for events that transpire after the board decision. Well, you can, at least in this way, but at IE, you can ask them to exercise their sua sponte authority. I'm not sure what else you could do. Well, yes. Primarily to exercise their sua sponte authority, and number two, through the Lata and Dieringer precedents, to be able to afford the Petitioners that remedy, that vehicle, if you will, to enable them to file a motion to reopen. Okay. And if I may, I'll reserve rebuttal. Very well. Thank you. Thank you again, Your Honors. John Cunningham from the Department of Justice appearing on behalf of the Attorney General. May it please the Court. Again, I'll state our bottom line very quickly. The petition for review in docket number 0570412 should be dismissed, and the motion to reopen should be denied. It's certainly true that the board has sua sponte authority to grant reopening. So why aren't they just wrong when they say we don't have jurisdiction? They had jurisdiction. They had the, that was not the motion to reopen that was put before them, Your Honor. It was a motion to reopen based on the claimed ineffective assistance of counsel. I have, but they could do it for that reason or any other reason. But they were suggesting that they could, all they were ultimately being asked to do was to reissue, which they do frequently, as I understand it. When there were screw ups like this, to just reissue it so the dates were right and could be done over again. And they weren't being asked, that's my understanding of what they were being asked to do. They were being asked to grant reopening based on a claim of ineffective assistance of counsel, Your Honor. I don't think the board should be faulted in addressing the claim that was put before it. And the issue is, was the board wrong in saying we don't have jurisdiction to grant reopening based on an assertion of ineffective assistance of counsel? If it's a question of jurisdiction, they do. Right? Because they could do it for that reason or any other reason. Yes, that's true. They do have jurisdiction. Yes, but that's not the jurisdiction. They were wrong in saying they didn't. No, they were not. They were not wrong in saying they don't have jurisdiction over this particular claim. That's what you were doing. Why? Why was the board wrong in saying we don't have jurisdiction to adjudicate ineffective assistance claims that arise before a court of appeals? Is that Your Honor's question? Put in jurisdictional terms. I mean, again, I'm looking at this in a very narrow sense. I understand that. Put in jurisdictional terms. When they say we can't do this, they're wrong. The board said the respondent has not complied with the requirements outlined in matter of Lozada with respect to proceedings over which we have jurisdiction. That was the board's jurisdictional conclusion. Nothing to do with sui sponte. We can do this or we can, we cannot do it depending on our whim. It was, do we have jurisdiction to apply our matter of Lozada gateway requirements over this particular claim of ineffectiveness? And the board said we don't. I gather the answer is yes if they did it. They didn't have to do it, but if they wanted to do it, they could have done it. The answer would be yes if they simply put out an order saying we sui sponte grant reopening. That would be a non-repeat order. Well, let's look at it from a practical standpoint. Let's look at it from a practical standpoint. The attorney obviously made a mistake, was ineffective in not asking for a stay of the voluntary departure. That's very commonly done. It's always granted by our court. And so that was a serious mistake. Why wouldn't the Board of Immigration's appeal look at that and determine, as Judge Berzon said, we can reopen if we want to. Here was a situation where obviously there was a mistake was made. Here are people have been here since 1987. And if voluntary departure is not granted, they can't come back and see their children for 10 years. Why on earth wouldn't the board want to look at, even from the standpoint of just approaching it without the technicalities of what you're saying? Well, it's because you can't review a ineffectiveness before us. It just seems so logical that there was a mistake that was made. The board at least ought to consider whether or not voluntary departure should be have continued. The only way the court can get to that place, Judge Hugg, is if the board basically says, we're not going to address the order that's before us, up or down. We're not going to address the merits of that. We're simply going to remand because we think the board should have decided whether to grant reopening sua sponte or not. No, well, I don't see it that way. I understood the board to be saying we cannot do this. We do not have jurisdiction to do this. And it seems to me that we at least have a I mean, do you doubt that if the board has discretion, purely discretionary and unreviewable authority to do something, i.e., grant sua sponte relief. And it says it doesn't. It says we don't have that authority, that that that narrow decision is reviewable. The statement that we don't have authority to do something that we do have authority to do. If the board had said we do not have authority to grant reopening sua sponte on the basis of this kind of a motion that's been put before us, that would be reviewed. That's how I read it. Why isn't that what they said? Because I understand they didn't say sua sponte, but they said we can't do it and they can do it. So they're right. It's all it's all a question of what the meaning of this is. Your Honor, you use the word this. And if this is granting reopening pure and simple, then I take your honor's point. If the if this is grant reopening on the basis of this claim against Mr. Al-Kabi. They do that, too. They're saying they don't have jurisdiction to consider the ineffectiveness alleged by petitioners by Mr. Al-Kabi. They do it in the sua sponte world. They can do it. Well, they can they can do anything they want, but you don't know why. And neither do I. And that's what makes it unreviewable. I mean, they're not allowed to tell me why they do something. I mean, my understanding is that this is mainly from what we do in screening and motions here, that it is not unusual for the board. It's something like this happens. There's some sort of screw up along the way to reopen and reissue the opinion. And so if somebody files a motion and says, would you please reissue the opinion? And they have no no obligation to do that, but they do it sometimes. Well, things back on track when they've gotten off track for for reasons that have to do either with what happens in the board or what happens in the court. The second one, I'm not so sure of your honor. Now, I have seen motions. I have seen board orders reissued when, for example, it's rather clear that the motion was sent to the wrong address. That's done right. That's the right address. But but but the people didn't get it. Oh, yeah, that's that's that's well in the argument there is or at least you can you can certainly come to a conclusion there that the board proceedings were still ongoing. They just hadn't been tied up quite right. You use you use phrases like a long going. They're finished. But the petition for review wasn't filed on time. For some understandable reason, although not one that we as a court can recognize. Well, it's nice that the board does it. They should do it, but they don't have to do it, but they can do it. And therefore, to say they can't do it seems to be a problem. Well, we have we've I think we're talking about three different categories of cases, three different fact situations here. Your honor first was in a case where the board's order was not sent to the right address or the alien says, well, I didn't get it. Please reissue. In that sense, the board's proceedings are still ongoing. That's one nice, simple set of facts. Second one is the board's order was was sent to the right address. The alien got it. The alien's lawyer failed to file a timely petition for review. Now, the board proceedings are over. The court has held, though, that in those circumstances, the ineffectiveness arises because the alien didn't get inside the court door. It was shut out. Derringer says that. And I think there's at least one other case that holds that. There and the court has held that's unacceptable to leave aliens in that kind of a limbo. The board can grant the board should look at that kind of an ineffectiveness claim here. This is the most extreme case here. There was a timely petition for review. The aliens, the petitioners were inside the court and the ineffectiveness arose only with respect to proceedings before the court. This is the most extreme case of all. And we're seeing this more and more now. This is not this issue is not going to go away. And this is coming out of the court's recent decision in Singe. But there there was a timely petition for review, but it didn't involve direct review of a board order. The court was able to say that because it was up on habeas. The court was able to say, we are not here being asked to directly overturn a board order. And so we don't feel that this is outside the board's the court's sorry, the board's jurisdiction. This is, again, a more extreme case, because here, the only way you can grant petitioners the relief they seek is by overturning a board order, directing the board to reissue its previous order. And I think the only thing I'm looking at the case now, all we would do is say to the board, you have jurisdiction to consider this. You're wrong about that. That's all we would do. To consider this, this being whether or not to reissue the opinion, but that's not what they were asked. I don't mean to be stubborn, Your Honor. That's not what they were asked to do. They were asked to. They were asked to grant reopening. But I think it's I think it's not I think it's a bit wrong to stop there. They were asked to grant reopening on the basis of a particular ineffectiveness claim. You know, I have a hard time seeing why the board wouldn't want to do it or why you're here arguing so strenuously that the board can't do it. When it's obvious that these people who have been here since 1987 have been in very good moral character, which is the key for voluntary departure. They certainly would have been entitled to it. Had that motion to stay just been filed. So here, as Judge Berzon says, they have an opportunity to by opening themselves if they don't just keep it from them by jurisdictional matter. I think it's so obvious that these people really are entitled to voluntary departure and you'd think the board would want to do it. Every federal agency, Your Honor, has to act according to the charter given to it by Congress. And the board here is drawing a line. The ineffectiveness claims I know beyond my time here, ineffectiveness of counsel claims has become a cottage industry in immigration appeals. You see it all the time. The board sees it all the time. All the board is doing is saying we have to draw a line somewhere. Unfortunately, the reason you see it all the time and we see it all the time is because there's an extraordinary amount of really miserable lawyering. Without question, Your Honor. Without question. The court has written on that and there is no doubt about that. Can I ask one other question just so I fully understand the parameters here? If they don't get voluntary departure, if they've overstayed their voluntary departure, does that mean that they can no longer get cancellation of removal in this very case, i.e., they can't file a substantive motion to reopen? I mean, let's not take the facts of this case, but in general, because we've been running into this as well, that the board's position, and I guess it's substantiated by the case law, is that the – that because if you don't voluntarily depart, you can't – you're not entitled to various forms of relief, you're not – that that blows it in the particular case, not in later cases, but in the cases in which this has already happened. Is that right? Yes. The law is clear, Your Honor. The voluntary departure statute says that if you don't comply with your period, you become ineligible for 10 years. Even as to the current case, which seems a little peculiar to me, but even as to the case as to which we haven't yet had review of the underlying cancellation of removal? That's correct. Well, yes. Does that mean that we – now, let's suppose that on the underlying cancellation of removal issue, there was some – you know, something that we would reverse on, that it wasn't simply a – the merits of the exceptional and excluding the illusion of hardships. Let's suppose there was something on the underlying cancellation of removal case that would lead us to grant relief. Does that mean that we couldn't grant the relief because they didn't voluntarily depart? Oh, no. I'm sorry, Your Honor. I didn't quite understand your question. They can, of course, under this Court's case law, easily preserve their voluntary departure time by simply seeking a stay of removal. I understand that. But suppose they didn't, all right? They – suppose this happened. And suppose we thought – Hasn't happened in this case. What happened here? And suppose the underlying cancellation of removal case was one in which we would otherwise grant relief. I mean, because they made a mistake as to the time they were here, for example. All right? Not because of the extreme and exception of unusual hardship. Do we then lose the authority to do that because they didn't voluntarily depart? That's true. I mean, because their remedy then is to depart. I mean, the Supreme Court just talked about this in the Dada case. The remedy, if you cannot somehow preserve your voluntary departure time and the clock is ticking, your remedy is to depart. So if the lawyer had done this, I mean, the impact would be both on this Court's case and also authority to correct what the Board did, and also on the Board's authority later to, if we were to grant it, to reconsider the merits of the cancellation issue. We would all be up in smoke at that point. Well, in this case, Your Honor, of course, our position is you don't have jurisdiction to consider the merits of the cancellation case because it's a hardship case. I'm hypothesizing a case in which we would. Which you did have jurisdiction. And the question is, the voluntary departure period is granted, and it runs... It could be an asylum case, for example, too, right? It could be an asylum case, couldn't it? Oh, asylum I don't think is covered within the voluntary departure sanctions, Your Honor. Oh, it's not? That's set aside. But these discretionary forms of relief, like cancellation... Yes, Congress made this determination that aliens make a bargain when they ask for and get voluntary departure, but there has to be a sanction if you overstay. And the question is, how do you preserve your overstay? Well, you do so by seeking a stay of removal. But not if your lawyer fails to do it. That's the problem. That's right. That's right. But you've alluded earlier, well, I mean, sometimes there are wrongs without a remedy. And in this kind of a case, our position is if there's a remedy, it's a civil lawsuit against the lawyer. Well, okay. I understand your position. You've been helpful. Well, thank you very much. Thank you, Your Honor. One thing, as I understand it now, we've gotten to the point where you would admit that they would sui sponte be able to do this. So the question is, they said they didn't have jurisdiction. So if this Court were to rule they have jurisdiction, it would go back to them to issue a removal of a voluntary departure. Is that correct? That's correct, Your Honor. Or actually more technically, to reissue the earlier opinion. That's correct. And, which has the – it's not just reissuing a piece of paper. It's granting an additional relief. That's the problem. The additional relief being? Being more voluntary departure time. It's not just putting out a piece of paper because you say you didn't get it. It's a piece of paper. Is that not true? It gives you relief. Well, let me ask you that. That's what they're asking for. Well, but technically speaking, if they reissued the earlier opinion, wouldn't that necessarily wash out? I mean, they would reissue with the exact opinion they issued earlier, but it would just have a different date on it. And because it would have a different date – I'm sorry, what? Sorry, I didn't mean to question your authority. Is this not correct? And it would have a different date on it. So it would have a voluntary departure period starting then instead of starting earlier. Yes. It's one thing to issue – to reissue a board order and backdate it because you say you didn't get the board order in the first place. This is a different kettle of fish. This would be a board order with a new date on it with a new period of voluntary departure. That's what makes this case different. That's what makes it substantively different. Okay. I thank the Court for its attention. Yes. Thank you. Just two matters briefly, Your Honor. With respect to our motion to reopen, we specifically asked the board to reopen for the purpose of reissuing the final agency determination in this matter. Lozada issues were fully complied with in the supplement to the motion to reopen that is in the administrative record. And referring to Your Honor's comment about the adverse effects of an overstated voluntary departure, Petitioners would otherwise be subject to possibly apprehension and detention by ICE officials, authorities rather, subject to civil penalties of, I believe, a minimum of $1,000 to $5,000, and as Judge Hugg alluded to, a 10-year bar and separation from their family members, potential separation from their family members. And those are real-life significant consequences to these Petitioners if they don't have agency determination. If they voluntarily depart, is there any other bar? If they voluntarily departed. Offhand, I don't believe so, Your Honor, as long as they're permitted at that point to reenter on a legal basis. Yeah. Okay. But that's... Just one little, as I understand, the board's order was in 2004. Yes. Was there any attempt to deport them since then? Not that I'm aware of, no. So it makes me wonder if they weren't actually considering it as voluntary, because they were leaving it pending our determination and no attempt to deport them. No attempt by ICE authorities to deport them? Yeah. Perhaps just they fell through the cracks. I couldn't specifically... They have enough other people to deal with. Pardon me? They have enough other people to deal with. I would assume so, yes. All right. Or they felt bad about it. Yeah. Somebody once looked at how many of the people that we approve the orders removed for actually get removed, and the order number was something like 13 percent. Yes. Which I must say for the purposes of the amount of time we spend on this is somewhat discouraging. Okay. Thank you. Thank you. The matter will be submitted. Our next case for argument is Skatebo versus... I'm not sure if I'm saying this correctly. Skatebo versus... Skatebo, Your Honor. Skatebo. Skatebo. Skatebo.
judges: Hug, Paez, Berzon